Shafi Mohamed UWAIS, Noor Fiyaza
Rizvie, Petitioners,

v.

UNITED STATES ATTORNEY
GENERAL, Respondent.

No. 03–4697–ag.

United States Court of Appeals,
Second Circuit.

Feb. 28, 2007.

Joseph A. Devamithran, Law Office of Joseph A. Devamithran Fairfax, Va, for Petitioners.

Jocelyn Burton, Assistant United States Attorney, for Kevin V. Ryan, United States Attorney for the Northern District of California, San Francisco, Cal., for Respondent.

PRESENT: Hon. GUIDO CALABRESI, Hon. RICHARD C. WESLEY, Circuit Judges, Hon. LOUIS F. OBERDORFER, District Judge.*

## SUMMARY ORDER

Shafi Mohamed Uwais ("Uwais") is a native and citizen of Sri Lanka. He petitions for review of a March 13, 2003 order of the Board of Immigration Appeals (the "Board") affirming the March 1, 1999 decision of Immigration Judge Gabriel C. Videla denying his application for asylum and withholding of removal. *See In re Uwais, Rizvie*, Nos A 70 648 863 and A 73 625 916 (BIA Mar. 13, 2003), *aff'g* Nos A 70 648 863 and A 73 625 916 (Immig. Ct. N.Y. City Mar. 1, 1999).

## BACKGROUND

Uwais filed an application for asylum and withholding of removal in 1992, alleging that he had been persecuted on ac-

---

* The Honorable Louis F. Oberdorfer, United States District Judge for the District of Columbia, sitting by designation.

count of his Tamil ethnicity and had a well-founded fear of future persecution for the same reason. He was placed in removal proceedings in 1998, and conceded removability. The co-petitioner, Noor Fiyaza Rizvie, is his wife. The couple did not know each other in Sri Lanka and their claims are based on different factual events. We address Rizvie's claim in a separate opinion. We assume the parties' familiarity with the underlying facts and procedural history of the case.

In 1999, the Immigration Judge found Uwais not credible and, in an oral opinion, denied his application. The primary reason the Immigration Judge gave for the adverse credibility determination related to Uwais' return to Sri Lanka in 1995 to visit his seriously ill mother. The Immigration Judge found that Uwais' failure to provide corroborating evidence of his persecution, such as statements, letters, or affidavits, also diminished his credibility. The Immigration Judge also questioned: (1) the decision of Uwais and his wife, Rizvie, to send their 8–month old son to Sri Lanka to meet the child's grandparents, accompanied only by a male family friend who was also Tamil; (2) the ability of Uwais' family to remain in Sri Lanka unharmed; and (3) Uwais' ability to obtain travel documents to enter the United States.

■ Uwais filed an appeal with the Board.[1] In a written opinion issued in 2003, the Board affirmed the Immigration Judge's adverse credibility determination as to Uwais, but for different reasons. First, the Board expressly found that Uwais' travel to Sri Lanka to visit his sick mother was "not necessarily incredible." However, the Board found that Uwais' delay in traveling from Colombo to Kandy to see his mother once he arrived in Sri Lanka undermined his credibility. Second, the Board agreed with the Immigration Judge's concern that Uwais had not presented any corroborating evidence of his persecution.

The Board made no finding about, but simply noted that it was "struck by", Uwais' apparent ability to obtain travel documents through bribes. The Board also implicitly rejected the infant's travel or Uwais' family's relative safety in Sri Lanka as appropriate bases for the adverse credibility finding by rejecting those same reasons when it found Rizvie credible.

## DISCUSSION

### I. *Standards of review*

■ "When the [Board] issues an opinion, 'the opinion becomes the basis for judicial review of the decision of which the alien is complaining.'" *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir.2005) (quoting *Niam v. Ashcroft*, 354 F.3d 652, 655 (7th Cir.2004)). When the Board

1. Uwais' appeals to the Board and to this Court were briefed together with Rizvie's appeals, and Uwais did not raise detailed arguments as to why his *individual* credibility finding should be reversed. However, he stated that the primary issue on appeal was whether he should be found credible. Br. of Petitioners at 4. The errors we identify are related to issues that were exhausted before the Immigration Judge and the Board, and were fully argued to us by the government. At oral argument, Uwais' counsel elaborated on the reasons why the adverse credibility finding should be reversed. Under all the circumstances of this case, including the lack of prejudice to the government, we have authority to consider them. *See Armstrong v. Brookdale Univ. Hosp. & Med. Ctr.*, 425 F.3d 126, 136–37 (2d Cir.2005); *United States v. Babwah*, 972 F.2d 30, 35 (2d Cir.1992).

adopts an immigration judge's adverse credibility determination, but rejects some of the reasoning, we review the immigration judge's decision as modified by the Board. *Xue Hong Yang v. U.S. Dep't of Justice,* 426 F.3d 520, 522 (2d Cir.2005). Here, the Board adopted the Immigration Judge's credibility finding, but its detailed opinion rejected most of his reasoning about both Uwais and Rizvie. In fact, the Board expressly adopted only one of the reasons given by the Immigration Judge for finding Uwais not credible: the lack of corroboration. Thus, the Board did more than "merely supplement" the Immigration Judge's decision; the Board's modifications were substantial, requiring us to review the credibility finding of the Board. *Yan Chen,* 417 F.3d at 271.

On review of a credibility finding, this court generally will not disturb adverse determinations that are based on "specific examples in the record of inconsistent statements ... about matters material to [an applicant's] claim of persecution, or on contradictory evidence or inherently improbable testimony regarding such matters." *Zhou Yun Zhang v. INS,* 386 F.3d 66, 74 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 406 (2d Cir.2005); *Tian–Yong Chen v. INS,* 359 F.3d 121, 129 (2d Cir.2004).

We review the Board's factual findings, including adverse credibility determinations, under the substantial evidence standard. 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang,* 386 F.3d at 73 & n. 7. However, "the fact that an [Immigration Judge] considers a petitioner not to be credible constitutes the beginning not the end of our inquiry." *Secaida–Rosales v. INS,* 331

F.3d 297, 307 (2d Cir.2003) (quoting *Aguilera–Cota v. INS,* 914 F.2d 1375, 1381 (9th Cir.1990)). "[T]he fact that the [Board] has relied primarily on credibility grounds in dismissing an asylum application cannot insulate the decision from review." *Ramsameachire v. Ashcroft,* 357 F.3d 169, 178 (2d Cir.2004). The Board must give "specific, cogent" reasons for rejecting the petitioner's testimony. *Id.* As a matter of law, those reasons must "bear a legitimate nexus" to the finding. "When a credibility determination analyzing testimony is based on flawed reasoning, it will not satisfy the substantial evidence standard." *Secaida–Rosales,* 331 F.3d at 307.

We examine legal questions, and the application of law to fact, *de novo. Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000). When the agency has failed to apply the law correctly, "we retain substantial authority to vacate [Board] ... decisions and remand for reconsideration or rehearing." *Ivanishvili v. U.S. Dep't of Justice,* 433 F.3d 332, 337 (2d Cir.2006).

Where an adverse credibility finding is based on flawed grounds, remand is not required where it could be "confidently predict[ed]" that the agency would have reached the same conclusion absent the error-based grounds. *Xiao Ji Chen v. U.S. Dep't of Justice,* 434 F.3d 144, 162 (2d Cir.2006). In this case, we cannot confidently predict that the Immigration Judge or the Board would, without the errors which we have identified, reach the same conclusion that we conclude devoid from legal error. Accordingly, we remand.

## II. *Analysis*

■ Neither the Immigration Judge nor the Board identified any inconsistences or contradictory evidence. The Immigration

Judge indicated that he doubted Uwais' credibility primarily because Uwais voluntarily returned to Sri Lanka in 1995 to visit his seriously ill mother. The Board rejected this reason. It found that it is not incredible that an asylum applicant would risk persecution to visit a seriously ill parent. We agree. Thus, we affirm the Board's finding that it was credible that Uwais would travel all the way to Sri Lanka to see his mother.

■ However, the Board's reasoning that it was not credible that he would wait three to four weeks to ensure that his travel to the interior region where he most feared persecution was as safe as possible is neither cogent nor based on substantial evidence. Uwais' explanation that he went to his mother's hometown slowly and carefully because that region was the likely site of persecution, has substantial support. In his 1998 supplement to his Asylum Application and in his oral testimony, Uwais presented consistent, repeated, and reasonable testimony about the reasons for his delay. He explained that the conditions were unstable, there were many checkpoints set up at the time, and he wanted to avoid traveling with his Tamil identity card. In fact, the reasons he gave for the delay would tend to support, rather than impugn, his claim of fear of persecution. He also testified about his detention at the train station on return to Colombo, which substantiates the fears he described. The record reveals no evidence to the contrary. Accordingly, there is no substantial record evidence supporting the Board's further finding that Uwais' delay in traveling to his mother's village makes his testimony less credible.

■ The other reason for the adverse credibility finding adopted by the Board was the lack of corroboration. It relied on *Diallo* to hold that corroboration may be required where it could be reasonably expected. The Second Circuit has held that "the presence or absence of corroboration may properly be considered in determining credibility." *Diallo*, 232 F.3d at 287. However, absence of "corroboration cannot be the only factor taken into account [in determining credibility] because this would effectively require corroboration in all cases, contrary to explicit provisions in the law that applicants may be able to rely exclusively on their testimony." *Id.* at 287–88; *see also Pavlova v. INS*, 441 F.3d 82, 91 (2d Cir.2006).

## CONCLUSION

Accordingly, the petition for review is GRANTED, the Board's decision is VACATED, and the case is REMANDED for further proceedings consistent with this order. Having completed our review, the pending motion for a stay of removal is DENIED as moot.